DAVID ELDER (SBN 171510)
delder@housingrightscenter.org
DANNY YOO (SBN 251574)
520 S. Virgil Ave., Suite 400
Los Angeles, CA 90020
TEL: (213) 387-8400 ex. 32
FAX: (213) 381-8555

Attorneys for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BERENIZE SILVA, MARTHA SILVA, CAMILO GONZALEZ, MARTHA CARRANZA, ROSA VARGAS, IRMA GONZALEZ, ELISA GONZALEZ, and MARIA RAMIREZ, individuals,<br><br>Plaintiffs,<br><br>vs.<br><br>GREEN4 LLC, a California limited liability company, and ANA CASTANEDA, an individual,<br><br>Defendants. | Case No. CV12 • 1456 JHN (AGRx)<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES FOR VIOLATIONS OF:**<br><br>1. The Fair Housing Amendments Act of 1988, 42 U.S.C. §§ 3601 *et seq.*;<br>2. California Fair Employment and Housing Act, Cal. Gov't Code § 12955 *et seq.*;<br>3. Unfair Business Practices Act, Cal. Bus. & Prof. Code §17200, *et seq.*;<br>4. Unruh Civil Rights Act, Cal. Civil Code § 51 *et seq.*; and<br>5. Negligence<br><br>**JURY TRIAL DEMANDED** |

## I.    INTRODUCTION

1.    This is an action for declaratory and injunctive relief and damages against Green4 LLC and Ana Castaneda for discrimination based on familial status in connection with the rental of residential property.  Defendants have engaged in a pattern or practice of conduct with the purpose and the effect of discriminating against families

1  with minor children by, among other things, discriminating in the terms and privileges

2  of a rental because of a person's familial status and otherwise making unavailable or

3  denying a dwelling because of a person's familial status.  This action arises under the

4  Fair Housing Act of 1968, as amended, 42 U.S.C. §3601 *et seq*., and related state laws.

5  ## II.    JURISDICTION AND VENUE

6  2.    The jurisdiction of this Court over the subject matter of this action is

7  predicated on 28 U.S.C. § 1331 in that the claims alleged herein arise under the laws of

8  the United States, specifically the federal Fair Housing Act, 42 U.S.C. §§ 3601-3619

9  ("FHA").  The state law claims form the same case and controversy as the federal law

10  claims.  Thus, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to

11  hear and determine Plaintiffs' state law claims.

12  3.    Defendants reside in this district and all events giving rise to this complaint

13  occurred in this district.  Thus venue is proper in the Central District of California under

14  28 U.S.C. § 1391(b)(2).

15  4.    This Court has authority to grant declaratory and injunctive relief as well

16  as actual and punitive damages pursuant to 42 U.S.C. § 3612(o)(3), and 42 U.S.C. §

17  3613(c)(1).   The Court also has the authority to award Plaintiffs their reasonable

18  attorneys' fees and costs pursuant to 42 U.S.C. § 3613(c)(2).

19  ## III.    PARTIES

20  5.    Upon information and belief, Defendant Green4 LLC, was and is the

21  owner of an approximately 32 unit residential rental property located at 1817 West 4th

22  Street, Los Angeles, California 90057 ("subject property"). The subject property is a

23  dwelling within the meaning of 42 U.S.C. § 3602(b).

24  6.    Upon information and belief, Defendant Ana Castaneda was and is the on-

25  site manager of the subject property.  At all times relevant herein, she was and is the

26  agent of Defendant Green4 LLC.

27

28

7.     Plaintiff Berenize Silva is a tenant at the subject property.  Ms. Silva has lived at the subject property for approximately 8 1/2 years.  Ms. Silva currently resides with her four minor children.

8.     Plaintiff Martha Silva has been a tenant at the subject property for approximately 17 years and presently resides at the property with her four minor children.

9.     Plaintiff Camilo Gonzalez has been a tenant at the subject property for approximately five years and presently resides at the property with his two minor children.

10.    Plaintiff Martha Carranza has been a tenant at the subject property for approximately 20 years and presently resides at the property with her minor child.

11.    Plaintiff Rosa Vargas and her four minor children reside at the subject property.

12.    Plaintiff Irma Gonzalez and her two minor children reside at the subject property.

13.    Plaintiff Elisa Gonzalez was a tenant at the subject property.  Ms. Gonzalez lived at the subject property with her minor child.  Ms. Gonzalez moved out of the subject property on or around January 1, 2012.

14.    Plaintiff Maria Ramirez was a tenant at the subject property.  Ms. Ramirez lived at the subject property with her two minor children.  Ms. Ramirez moved out of the subject property on or around November 1, 2011.

## IV.   FACTUAL ALLEGATIONS

### A.   Introduction

15.    Defendants, acting individually or in concert, directly or through agents, have engaged in a pattern or practice of discrimination against families with children in the operation of the subject property.  Defendants continue to engage in such a pattern or practice of discrimination so as to constitute a continuing violation.

- 3 -
COMPLAINT

16.     Defendants' unlawful conduct includes, but is not limited to, commission of the following discriminatory housing practices:

     a.    Establishing and enforcing rules or regulations that discriminate on the basis of familial status;

     b.    Making and printing notices and statements with respect to a rental unit that indicates a preference, limitation, or discrimination based on familial status;

     c.    Imposing differential terms, treatment, conditions, or privileges associated with a rental unit on prospective tenants because of familial status; and

     d.    Otherwise making unavailable or denying a dwelling to any person because of familial status.

17.     Defendants have negligently failed to hire, train, supervise, and discipline its agents and employees, and itself, to conform its operation of the subject property to the standard of care for the multi-family residential housing industry.

18.     Upon information and belief, Defendants continue to engage in rental practices that discriminate against, and provide differential treatment to, children and families with children, so as to constitute a continuing violation of the federal Fair Housing Act, the State of California Fair Employment and Housing Act, the Unfair Business Practices Act, and the Unruh Civil Rights Act.

**B.     Defendants' Unlawful Practices Based on Familial Status**

19.     Defendant Green4 LLC publishes rules that discriminate against families with children.  The written "House Rules" accompanying the lease agreement state that children "are not permitted to play in the common areas, which include but is not limited to: the garage area, stairwells, hallways, driveway, or grass area."

20.     Defendant Castaneda enforces the House Rules by prohibiting children from being outside their units.  Defendant Castaneda yells at the children to go inside and constantly harasses the children for being outside their units.

1    21.    Defendant Green4 LLC writes letters and Memorandum to tenants stating

2  minor children should not be playing and hanging around outside their units.    The

3  letters also state that if children want to be outside, they should go to a public park.  For

4  example, on August 9, 2011, Defendant Green4 LLC wrote a letter to Plaintiffs

5  Berenize Silva, Martha Silva and Camilo Gonzalez stating that their children were in

6  the common hallways and courtyard.    Defendant Green4 LLC recommended the

7  children play at a public park.

8                              **V.    INJURY**

9    22.    As a result of Defendants' above-described actions, Defendants have

10  deprived Ms. Berenize Silva, Ms. Martha Silva, Ms. Irma Gonzalez, Mr. Camilo

11  Gonzalez, Ms. Elisa Gonzalez, Ms. Maria Ramirez, Ms. Martha Carranza and Ms. Rosa

12  Vargas from their right to be free from housing discrimination based on familial status.

13  Defendants have deprived Plaintiffs and their children from the full use and enjoyment

14  of their rental units.    Defendants forced Plaintiffs and their families to endure

15  harassment and overly restrictive rules.    Accordingly, Plaintiffs seek monetary,

16  declaratory, and injunctive relief by and through this action.

17    23.    Defendants' unlawful practices, as described above, were and are wanton,

18  willful, malicious, fraudulent, and/or oppressive; were intended to cause injury; and/or

19  were done in conscious, callous, reckless, or deliberate disregard for the federally

20  protected rights of the Plaintiffs. Thus, Plaintiffs are entitled to punitive damages.

21    24.    An actual case or controversy exists between the parties regarding

22  Defendants' duties under federal and state fair housing laws.    Accordingly, Plaintiffs

23  are entitled to declaratory relief.

24    25.    Unless enjoined, Defendants will continue to engage in the unlawful acts

25  and the pattern or practice of discrimination described above.    Plaintiffs have no

26  adequate remedy at law.  Accordingly, Plaintiffs are entitled to injunctive relief.

27                     **VI.    CLAIMS FOR RELIEF**

28               **First Claim - Fair Housing Amendments Act**

26.     Plaintiffs incorporate by reference each and every allegation contained in paragraphs 1 through 25 above.

27.     Defendants, by and through a pattern or practice of purposeful discrimination on the basis of familial status, has violated the federal Fair Housing Act, 42 U.S.C. §§ 3601, *et seq.* ("FHAA"), in that Defendants have injured Plaintiffs by engaging in the following discriminatory housing practices:

      a.  Establishing and enforcing rules or regulations that discriminate on the basis of familial status, in violation of 42 U.S.C. §3604(b);

      b.  Making and printing notices and statements with respect to a rental unit that indicates a preference, limitation, or discrimination based on familial status in violation of 42 U.S.C. §3604(c);

      c.  Imposing differential terms, treatment, conditions, or privileges associated with a rental unit on prospective tenants because of familial status in violation of 42 U.S.C. § 3604(a); and

      d.  Otherwise making unavailable or denying a dwelling to any person because of familial status in violation of 42 U.S.C. § 3604(a).

28.     As a direct and proximate result of the acts and omissions herein alleged, Plaintiffs have suffered, and continue to suffer injury.

29.     Pursuant to 42 U.S.C. § 3613(c)(1) and (2), Defendants are liable to Plaintiffs for compensatory damages, punitive damages, injunctive relief, and attorneys' fees and costs.

### Second Claim – California Fair Employment and Housing Act

30.     Plaintiffs incorporate by reference each and every allegation contained in paragraphs 1 through 29 above.

31.     Defendants, by and through a pattern or practice of discrimination on the basis of familial status, violated the California Fair Employment and Housing Act, Cal. Gov't Code § 12955 *et seq.,* ("FEHA"), by engaging in the following discriminatory housing practices:

a.    Discriminating against individuals with children in violation of Cal. Gov't Code § 12955(a);

b.    Aiding, abetting, inciting, compelling, or coercing the doing of any of the unlawful acts or practices, or attempted to do so, in violation of Cal. Gov't Code § 12955(g);

c.    Implementing and enforcing a policy or practice that has a discriminatory effect on families with children in violation of Cal. Gov't Code § 12955.8;

d.    Making and printing notices and statements with respect to a rental unit that indicates a preference, limitation, or discrimination based on familial status in violation of Cal. Gov't Code § 12955(c); and

e.    Otherwise making unavailable or denying a dwelling to any person because of familial status in violation of Cal. Gov't Code § 12955(k).

32.    As a direct and proximate result of the aforementioned acts, Plaintiffs have suffered, and continue to suffer injury.

33.    Pursuant to Cal. Gov't Code § 12989.2, Plaintiffs are entitled to injunctive relief, compensatory damages, punitive damages, attorneys' fees and costs.

### Third Claim – Unfair Business Practices Act

34.    Plaintiffs incorporate by reference each and every allegation contained in paragraphs 1 through 33 above.

35.    In acting as herein alleged, Defendants have failed to comply with the FHAA and the FEHA. Accordingly, Defendants have engaged in acts of unfair competition as proscribed by Cal. Bus. & Prof. Code § 17200 *et seq.*

36.    Plaintiffs and the general public have suffered, and continue to suffer, irreparable harm due to the discriminatory practices of Defendants, and their continuing and conscious disregard of the fair housing rights of families with children.

37.   Pursuant to Cal. Bus. & Prof. Code § 17203, Plaintiffs seek to enjoin Defendant from its continuing commission of the acts alleged above, which if not enjoined will continue to irreparably harm Plaintiffs and the citizens of the State of California, harm for which there is no plain, speedy, or adequate remedy at law.

### Fourth Claim – Unruh Civil Rights Act

38.   Plaintiffs incorporate by reference each and every allegation contained in paragraphs 1 through 37 above.

39.   Defendants have violated Plaintiffs' statutory right to be free from discrimination based on familial status in violation of Cal. Civil Code § 51 *et seq.*

40.   As a direct and proximate result of the aforementioned acts, Plaintiffs have suffered and continue to suffer injury.

41.   Pursuant to Cal. Civil Code § 52, Plaintiffs are entitled to compensatory damages, statutory damages, and attorneys' fees and costs.

### Fifth Claim - Negligence

42.   Plaintiffs incorporate by reference each and every allegation contained in paragraphs 1 through 41 above.

43.   Defendants owed, and continue to owe Plaintiffs a non-delegable duty to operate the subject property in a manner that is free from unlawful discrimination and to employ, train, and supervise their directors, employees, agents, and themselves to fulfill that duty. Defendants breached that duty by engaging in a pattern or practice of discrimination on the basis of familial status as herein alleged.

44.   Defendants' negligence includes but is not limited to:

    a.   Defendants' negligent failure to supervise itself regarding compliance with the requirements of federal and state fair housing laws; and

    b.   Defendants' negligent failure to supervise agents and employees regarding compliance with the requirements of federal and state fair housing laws; and

- 8 -

c.   Defendants' negligent failure to operate the subject property in conformity with accepted industry custom and standards.

45.   As a result of Defendants' negligence, Plaintiffs have suffered, and continue to suffer injury.

## VII.   PRAYER FOR RELIEF

Plaintiffs pray this Court enter judgment as follows:

1.   Declare that the discriminatory practices of the Defendants as set forth above, violate the Fair Housing Act, as amended, 42 U.S.C. § 3601 *et seq.*, the California Fair Employment and Housing Act, Cal. Gov't Code § 12955 *et seq.*, and the California Unruh Civil Rights Act, Cal. Civ. Code § 51 *et seq.*

2.   Enjoin Defendants from discriminating on the basis of familial status.

3.   Order Defendants to engage in comprehensive fair housing training.

4.   Order Defendants to submit to monitoring of their practices and records in order to ensure compliance with the fair housing laws.

5.   Award compensatory damages to Plaintiffs.

6.   Award punitive damages to Plaintiffs.

7.   Award any other such damages as may be allowed by federal and state law.

8.   Award Plaintiffs their reasonable attorneys' fees and costs.

9.   Additional and further relief which the Court deems just and proper.

## VIII. JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs hereby demand a trial by jury as to all issues.

Dated:   2/21/12

Respectfully Submitted,

_____
DANNY YOO
Attorney for Plaintiffs

- 9 -
COMPLAINT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Jacqueline Nguyen and the assigned discovery Magistrate Judge is Alicia G. Rosenberg.

The case number on all documents filed with the Court should read as follows:

## CV12- 1456 JHN (AGRx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

DAVID ELDER (SBN 171510)
delder@housingrightscenter.org
DANNY YOO (SBN 251574)
520 S. Virgil Ave., Suite 400, Los Angeles, CA 90020
Phone: (213) 387-8400 x32 Fax (213) 381-8555

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERENIZE SILVA, MARTHA SILVA, CAMILO GONZALES (continued on next page) **PLAINTIFF(S)** <br><br> v. <br><br> GREEN4 LLC, a California limited liability company, and ANA CASTANEDA, an individual <br><br> **DEFENDANT(S).** | CASE NUMBER <br><br> CV12·1456 JHN (AGRx) <br><br><br> **SUMMONS** |

TO:   DEFENDANT(S): _____

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _David Elder_____, whose address is _520 S. Virgil Ave., Suite 400, Los Angeles, CA 90020_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __FEB 2 1 2012_____

By: ___SHEA BOURGEOIS_____

Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

PLAINTIFF(S) – Continued

MARTHA CARRANZA, ROSA VARGAS, IRMA GONZALES, ELISA
GONZALEZ, and MARIA RAMIREZ, individuals,

Summons - (Continued)